IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-211-BO

| | |
|---|---|
| TEXAS NEIL CHENEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CFT AUTO INVESTORS, LLC; JL HENDRICK ) <br> MANAGEMENT CORPORATION; HENDRICK ) <br> TOYOTA OF WILMINGTON; HENDRICK ) <br> CORPORATION, LLC; and HENDRICK ) <br> AUTOMOTIVE GROUP; ) <br> ) <br> Defendants. ) | O R D E R |

This cause comes before the Court on defendants' motion to dismiss. [DE 10]. The motion has been fully briefed and is ripe for disposition. For the reasons discussed below, defendants' motion to dismiss [DE 10] is GRANTED.

BACKGROUND

In August 2016, plaintiff accompanied Ms. Ann Carlyle to defendant Hendrick Toyota in Wilmington, North Carolina. [DE 1-10, ¶ 8]. Defendant Hendrick Toyota is an automobile dealership that is allegedly owned and operated by the other defendants. *Id.* ¶ 9. Ms. Carlyle was shopping for a vehicle and plaintiff had previously purchased vehicles from Hendrick Toyota. *Id.* ¶¶ 10–11. During the process, an employee obtained a consumer credit report for Ms. Carlyle and determined that she did not qualify for the prospective purchase. *Id.* ¶¶ 12–13. Plaintiff alleges that the Hendrick Toyota employee then accessed plaintiff's personal information, which was on file from his prior purchases, and used it without his consent multiple times to obtain consumer credit reports for plaintiff. *Id.* ¶¶ 14–15. Plaintiff alleges that, as a result of these "frequent, unauthorized

credit inquires [sic]," his credit score dropped and he was unable to refinance his home in November 2016. *Id.* ¶¶ 16–17.

In October 2018, plaintiff initiated this action in Brunswick County Superior Court. [DE 1-4]. Plaintiff brought three purported causes of action, alleging (1) that defendants willfully violated the Fair Credit Reporting Act (FCRA), in particular 15 U.S.C. §§ 1681b, 1681n, and 1681q; (2) that defendants committed unfair and deceptive trade practices under N.C. Gen. Stat. §§ 75-1.1 and 75-64; and (3) that defendants are vicariously liable to plaintiff for the acts and omissions of their employees. [DE 1-10]. In December 2018, defendants removed this action from Brunswick County to federal court. [DE 1].

In January 2019, defendants moved to dismiss plaintiff's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [DE 10]. Plaintiff responded in opposition. [DE 13].

## DISCUSSION

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

**1. Plaintiff's FCRA claims must be dismissed.**

Plaintiff has failed to allege sufficient facts to state a claim for relief under any of the three provisions of the FCRA that he relies upon. First, plaintiff fails to state a claim for relief under 15 U.S.C. § 1681b. Plaintiff vaguely alleges that defendants violated 15 U.S.C. § 1681b. In his response to defendants' motion to dismiss, plaintiff clarifies that he seeks relief under § 1681b(f), which provides that "[a] person shall not use or obtain a consumer credit report for any purpose," unless the report "is obtained for a purpose for which the consumer report is authorized to be furnished." To state a claim under § 1681b(f), "a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendants used or obtained it, (iii) the defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state." *Benzing v. Tharrington–Smith, LLP*, 5:10-CV-533-F, 2012 WL 169946, at *3 (E.D.N.C. Jan. 19, 2012) (citing *Shepherd–Salgado v. Tyndall Fed. Credit Union*, No. 11-0427-WS-B, 2011 WL 5401993, at *3 (Nov. 7, 2011 S.D. Ala.)). In support of this allegation, plaintiff states only that "Defendants willfully violated the FCRA, 15 U.S.C. §§ 1681b, 1681n, and 1681q by accessing the Plaintiffs [sic] credit reports without a permissible purpose and without the knowledge or consent of the plaintiff." [DE 1-10, ¶ 20]. Even viewing the complaint in the light most favorable to plaintiff, this cursory recitation of the elements of the statute—indeed, plaintiff does not even identify in his complaint the specific provision under which he is seeking relief—without additional factual allegations does not enable the Court to reasonably infer that defendant is liable for the alleged violation. Plaintiff's § 1681b claim must be dismissed.

The defect that is fatal to plaintiff's § 1681b claim—namely, that the claim is supported by threadbare facts and a vague and cursory recitation of the elements of the statute—is similarly fatal to plaintiff's claims under §§ 1681n and 1681q. In fact, plaintiff's complaint is sufficiently vague

3

that defendants focused their argument on § 1681n(b), which is inapplicable for a variety of reasons, rather than on § 1681n(a), which plaintiff belatedly referenced in his response to defendants' motion to dismiss. § 1681q, moreover, is inapplicable because it creates a cause of action against "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency *under false pretenses*," and plaintiff has not alleged that defendants obtained his information under false pretenses; rather, he simply alleges that they obtained his credit information without a permissible statutory purpose and without his knowledge. Plaintiff's claims under §§ 1681n and 1681q, like his claim under § 1681b, are facially deficient. Accordingly, each of plaintiff's three FCRA claims must be dismissed.

## 2. Plaintiff's Unfair and Deceptive Trade Practices Act (UDTPA) claims must be dismissed.

Plaintiff's UDTPA claims, too, must be dismissed. Even setting aside the vagueness problems and the fact that the claims are similarly devoid of factual support, it is clear that plaintiff has not stated facially plausible claims. First, to state a claim under N.C. Gen. Stat. § 75-1.1, plaintiff must allege that defendants (1) committed an unfair or deceptive trade act or practice, (2) the act in question was in or affecting commerce, and (3) the act proximately caused plaintiff harm. *Sessler v. Marsh*, 551 S.E.2d 160, *rev. denied*, 556 S.E.2d 577 (N.C. 2001) (citations omitted). But § 75-1.1 "is not intended to apply to all wrongs in a business setting." *Dalton v. Camp*, 548 S.E.2d 704, 711 (N.C. 2001). Rather, "some type of *egregious or aggravating* circumstances must be alleged and proved." *Id.* (quoting *Allied Distribs., Inc. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 379 (E.D.N.C. 1993)) (alterations omitted) (emphasis in original). Plaintiff has alleged no such egregious or aggravating circumstances; instead, he attempts to elevate a one-off business wrong— an employee allegedly obtaining his consumer credit report without authorization—into an unfair

4

or deceptive trade practice within the meaning of N.C. Gen. Stat. § 75-1.1. Plaintiff's claim must be dismissed.

Second, plaintiff's claim under N.C. Gen. Stat. § 75-64 must also be dismissed under Rule 12(b)(6). § 75-64 provides as follows:

> Any business that conducts business in North Carolina and any business that maintains or otherwise possesses personal information of a resident of North Carolina must take reasonable measures to protect against unauthorized access to or use of the information *in connection with or after its disposal*.

N.C. Gen. Stat. § 75-64(a). In other words, the statute specifically applies to the way in which businesses dispose of consumers' personal information. Disposal is defined as "[t]he discarding or abandonment of records containing personal information." N.C. Gen. Stat. § 75-61(7)(a). Again, the vague and cursory nature of plaintiff's complaint presents an obstacle, as plaintiff has not cited any statute which *required* the disposal of his personal information following his prior vehicle purchases at Hendrick Toyota and, indeed, does not allege that Hendrick Toyota disposed of his personal information at all. Given that Hendrick Toyota did not dispose of his personal information, plaintiff cannot state a claim under § 75-64 for the improper disposal of his personal information. Both of plaintiff's UDTPA claims must, therefore, be dismissed.

In sum, looking simply at the face of the complaint and viewing that complaint in the light most favorable to the plaintiff, the Court finds that plaintiff has not stated facially plausible FCRA claims or UDTPA that would entitle him to relief. Plaintiff's purported third cause of action does not afford an independent basis for relief, either. The Court finds that plaintiff has not demonstrated good cause to be given any additional time to amend his pleadings to bring them into compliance with the requirements of *Iqbal* and *Twombly* and, as such, defendants' motion to dismiss is granted. Plaintiff's complaint must be dismissed with prejudice in its entirety.

## CONCLUSION

For the above reasons, defendants' motion to dismiss [DE 10] is GRANTED and plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this __18__ day of March, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE